IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICK BECK,

    Plaintiff,

vs.                                                                                                                                             No. CIV 23-0154 JB/LF

THE GOVERNMENT,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Plaintiff's Complaint for Civil Rights Violations, filed February 22, 2023 (Doc. 1)("Complaint").  Plaintiff Patrick Beck is incarcerated at the Bureau of Prisons' Fort Worth Federal Medical Center in Fort Worth, Texas, and he is proceeding pro se.  See Complaint at 1; Notice of Change of Address, filed June 13, 2023 (Doc. 18).  The Complaint consists of ninety-one pages and appears in narrative form.  See Complaint at 1-91.  The Complaint purports to sue, among other parties, Facebook, Instagram, Twitter, Reddit, "[t]he government/law enforcement[,]" the Federal Bureau of Investigation, and various other individuals and municipal Defendants.  Complaint ¶ 2, at 2.  It is difficult to discern the exact nature of the claims and which Defendants, if any, participated in wrongdoing based on the ninety-one-page handwritten narrative.

      After filing the case, Beck filed fifteen supplements, appendices, and motions.  See Untitled Notice of Proposed Restraining Orders, filed March 20, 2023 (Doc. 6); Untitled Motion for Restraining Order and Other Relief, filed March 28, 2023 (Doc. 7); Untitled Notice Raising Additional Allegations and Requesting Copies, filed April 7, 2023 (Doc. 9); Untitled Supplement to Complaint, filed May 9, 2023 (Doc. 13); Untitled Supplement to Complaint, filed May 30, 2023

(Doc. 16); Untitled Supplement to Complaint, filed May 31, 2023 (Doc. 17); Untitled Supplement and Proposed Factual Findings, filed August 14, 2023 (Doc. 22); Untitled Supplement to Complaint, filed August 28, 2023 (Doc. 24); Motion to Dismiss Criminal Complaints With Prejudice, filed September 11, 2023 (Doc. 25); Motion for Appointment of Counsel and Discovery, filed September 22, 2023 (Doc. 27); Motion Compelling Procurement of Documents for Discovery and Supplement to Complaint, filed November 7, 2023 (Doc. 28); Request for Judicial Review, filed November 9, 2023 (Doc. 29); Affidavit of Truth and Notice of Rescission, filed December 29, 2023 (Doc. 30); Motion to Compel Defense Counsel to Surrender Case File, filed January 8, 2024 (Doc. 32); and Petitioners Objections in Affidavit to Case Information, filed January 23, 2024 (Doc. 33)(together, the "Supplemental Filings").  The Supplemental Filings contain over four-hundred pages of information and allegations to support Beck's claims.  In many cases, Beck directed the Clerk's Office to cross-file the Supplemental Filings in his pending criminal cases, CR Nos. 22-MJ-1089 DHU and 23-MJ-180 LF, and the substance of many documents address issues pertaining to Beck's criminal prosecution.

"It is not the role of . . . the court . . . to sort through a lengthy . . . complaint and voluminous exhibits . . . to construct plaintiff's causes of action."  McNamara v. Brauchler, 570 Fed. App'x 741, 743 (10th Cir. 2014)(quoting Schupper v. Edie, 193 Fed. App'x. 744, 746 (10th Cir. 2006)).[1]

---

[1]McNamara v. Brauchler and Schupper v. Edie are unpublished opinions, but the Court can rely on a United States Court of Appeals for the Tenth Circuit unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. [. . .] However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

See Glenn v. First Nat. Bank in Grand Junction, 868 F.2d 368, 371 (10th Cir. 1989)("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."); Pola v. Utah, 2012 WL 292272, * 1 (10th Cir. February 1, 2012)(rejecting complaint that "included everything but the kitchen sink").  Accepting Beck's piecemeal pleadings would "force the Defendants to carefully comb through . . . hundred[s of] pages to ascertain which [filings] contain pertinent allegations to which a response is warranted."  McNamara v. Brauchler, 570 Fed. App'x at 743.  Moreover, voluminous, piecemeal pleadings impede the screening function under 28 U.S.C. § 1915A, as the Court cannot discern whether specific claims against specific Defendants have merit.  See 28 U.S.C. § 1915A (requiring courts to sua sponte screen all "complaint[s] in a civil action in which a prisoner seeks redress from a governmental entity," and dismiss any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted").

For these reasons, the Court will strike the Complaint and all Supplemental Filings, and grant leave to file a single amended complaint on the Court's official civil rights form complaint.  The single amended complaint is due within thirty days of the Memorandum Opinion and Order's entry, and must not exceed forty pages in length.  The amendment also must contain a short and plain statement demonstrating the grounds for relief, as rule 8(a) of the Federal Rules of Civil Procedure requires.  Beck must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her."  Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008).  The amendment must also be limited to

---

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citing In re Citation of Unpublished Opinions/Ords. & Judgments, 151 F.R.D. 470 (10th Cir. 1993)).  The Court concludes that McNamara v. Brauchler, Schupper v. Edie, and Pola v. Utah, 2012 WL 292272, have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

civil claims that Beck wishes to adjudicate in this civil case, No. CIV 23-0154 JB/LF.  The Court will not remedy Beck's pretrial detention in this case -- for example, by issuing a writ of habeas corpus under 28 U.S.C. § 2241 ordering his release from custody -- nor will the Court issue an Order in this civil case that grants relief with respect to Beck's pending criminal prosecutions.  If Beck still seeks injunctive/pre-screening relief in this case, he may also file a single motion that does not exceed twenty-seven pages in length within thirty days of entry of this Order.  The Court reminds Beck that a motion can only explain why preliminary relief is necessary; it cannot amplify the claims and allegations in a complaint.   If Beck files additional pleadings that violate rule 8(a) and/or this Order, the Court may dismiss this action without further notice.

**IT IS ORDERED** that: (i) the Court strikes the following filings: (a) Complaint for Civil Rights Violations, filed February 22, 2023 (Doc. 1); (b) Notice of Proposed Restraining Orders, filed March 20, 2023 (Doc. 6); (c) Untitled Motion for Restraining Order and Other Relief, filed March 28, 2023 (Doc. 7); (d) Untitled Notice Raising Additional Allegations and Requesting Copies, filed April 7, 2023 (Doc. 9); (e) Untitled Supplement to Complaint, filed May 9, 2023 (Doc. 13); (f) Untitled Supplement to Complaint, filed May 30, 2023 (Doc. 16); (g) Untitled Supplement to Complaint, filed May 31, 2023 (Doc. 17); (h) Untitled Supplement and Proposed Factual Findings, filed August 14, 2023 (Doc. 22); (i) Untitled Supplement to Complaint, filed August 28, 2023 (Doc. 24); (j) Motion to Dismiss Criminal Complaints With Prejudice, filed September 11, 2023 (Doc. 25); (k) Motion for Appointment of Counsel and Discovery, filed September 22, 2023 (Doc. 27); (l) Motion Compelling Procurement of Documents for Discovery and Supplement to Complaint, filed November 7, 2023 (Doc. 28); (m) Request for Judicial Review, filed November 9, 2023 (Doc. 29); (n) Affidavit of Truth and Notice of Rescission, filed December 29, 2023 (Doc. 30); (o) Motion to Compel Defense Counsel to Surrender Case File, filed January

8, 2024 (Doc. 32); and (p) Petitioner[']s Objections in Affidavit to Case Information, filed January 23, 2024 (Doc. 33); (ii) within thirty days of this Memorandum Opinion and Order's entry, Beck shall file a single amended complaint that does not exceed forty pages in length and appears on the Court's official form; (iii) the Clerk's Office shall mail Beck a blank civil rights complaint; and (iv) if Beck seeks pre-screening/injunctive relief, he may renew that request within thirty days of this Memorandum Opinion and Order's entry by filing a single motion that does not exceed twenty-seven pages in length.

                                                                       _____  
                                                                      UNITED STATES DISTRICT JUDGE

*Parties*:

Patrick Beck  
Fort Worth, Texas

        *Plaintiff Pro Se*