IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICK BECK,

       Plaintiff,

vs.                                                                                               No. CIV 23-0154 JB/LF

THE GOVERNMENT,

       Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Patrick Beck's Notice and Request for Extension, filed April 30, 2024 (Doc. 38)("Letter-Motion"). Beck is incarcerated at Federal Medical Center Devens ("FMC Devens") in Ayer, Massachusetts, and he is proceeding pro se. See Letter-Motion at 3. Beck seeks an indefinite extension of time to file an amended complaint, i.e., a stay of proceedings, while mental health professionals work to restore him to competency. See Letter-Motion at 1. Having considered the Letter-Motion and applicable law, the Court will enter a stay of proceedings, as set forth below.

## BACKGROUND

Beck commenced this civil case on February 22, 2023, by filing a Complaint for Civil Rights Violations, filed February 22, 2023 (Doc. 1)("Opening Pleading"). After filing the Opening Pleading, Beck filed fifteen supplements, appendices, and motions: (i) Untitled Notice of Proposed Restraining Orders, filed March 20, 2023 (Doc. 6); (ii) Untitled Motion for Restraining Order and Other Relief, filed March 28, 2023 (Doc. 7); (iii) Untitled Notice Raising Additional Allegations and Requesting Copies, filed April 7, 2023 (Doc. 9); (iv) Untitled Supplement to Complaint, filed May 9, 2023 (Doc. 13); (v) Untitled Supplement to Complaint, filed May 30,

2023 (Doc. 16); (vi) Untitled Supplement to Complaint, filed May 31, 2023 (Doc. 17); (vi) Untitled Supplement and Proposed Factual Findings, filed August 14, 2023 (Doc. 22); (viii) Untitled Supplement to Complaint, filed August 28, 2023 (Doc. 24); (ix) Motion to Dismiss Criminal Complaints with Prejudice, filed September 11, 2023 (Doc. 25); (x) Motion for Appointment of Counsel and Discovery, filed September 22, 2023 (Doc. 27); (xi) Motion Compelling Procurement of Documents for Discovery and Supplement to Complaint, filed November 7, 2023 (Doc. 28); (xii) Request for Judicial Review, filed November 9, 2023 (Doc. 29); (xiii) Affidavit of Truth and Notice of Rescission, filed December 29, 2023 (Doc. 30); (xiv) Motion to Compel Defense Counsel to Surrender Case File, filed January 8, 2024 (Doc. 32); and (xv) Petitioners Objections in Affidavit to Case Information, filed January 23, 2024 (Doc. 33)(together, the "Supplemental Filings").  The Supplemental Filings contain over four hundred pages of information and allegations to support Beck's claims.  In many cases, Beck asks the Clerk's Office to cross-file the Supplemental Filings in his pending criminal cases, No. CR 22-1089 DHU and No. CR 23-MJ-0180 LF, and the substance of many documents address issues pertaining to Beck's criminal prosecution.

On March 14, 2024, the Court entered a Memorandum Opinion and Order, filed March 14, 2024 (Doc. 34)("Screening MOO"), striking the Opening Pleading and all Supplemental Filings, as the piecemeal submissions violate rule 8 of the Federal Rules of Civil Procedure.  See Screening MOO at 1-5.  The Court directed Beck to file a single, amended complaint that complies with rule 8 and the applicable pleading standards under 42 U.S.C. § 1983.  See Screening MOO at 3-5.  The deadline to amend expired no later than April 15, 2024.  Beck did not timely comply.  On April 30, 2024, Beck filed the Letter-Motion.  See Letter-Motion at 1.  Beck explains that he recently moved from one facility to another and did not receive the Screening MOO until April 18, 2024.

<u>See</u> Letter-Motion at 1.  Beck further explains that the Honorable Laura Fashing, United States Magistrate Judge for the United States District Court for the District of New Mexico, determined Beck is incompetent to stand trial in his pending criminal cases, No. MJ 22-1089 DHU and No. MJ 23-0180 DHU.  <u>See</u> Letter-Motion at 1; <u>see</u> also Order Finding Defendant to be Incompetent, filed August 25, 2023 (Doc. 57), in No. MJ 22-1089 DHU; Order Finding Defendant to be Incompetent, filed August 25, 2023 (Doc. 27) in No. MJ 23-0180 DHU (together, the "Competency Orders").  Magistrate Judge Fashing ordered Beck

> to be hospitalized in a suitable facility . . . in an effort to determine whether there is a substantial probability that: (1) in the foreseeable future, [he] will be able to attain the sufficient mental capacity which is needed to allow these proceedings to go forward; or (2) if his mental condition is not likely to improve, whether [he] should be subject to the provisions of 18 U.S.C. §§ 4246 and 4248[.]

Competency Orders at 1-2.

In the Letter-Motion, Beck asks the Court to extend the amendment deadline "until the period of hospitalization is over and the matter of incompetency or alleged delusions has been settled."  Letter-Motion at 1.  Beck argues that it would be "frivolous and futile" to "amend the civil action" while he remains hospitalized in the mental health unit.  Letter-Motion at 1.  The Court liberally construes the Letter-Motion to seek a stay of proceedings through the conclusion of Beck's competency proceedings and hospitalization.  There is no response to the Letter-Motion, because this case is still in the screening phase, and Beck has not identified yet any proper defendants.  <u>See</u> 28 U.S.C. § 1915A (requiring sua sponte screening of prisoner complaints).  On May 30, 2024, after filing the Letter-Motion, Beck submitted another Prisoner Civil Rights Complaint.  <u>See</u> Amended Prisoner Civil Rights Complaint, filed May 30, 2024 (Doc. 39)("Amended Complaint").  The court will consider whether a stay is appropriate before considering whether to screen the Amended Complaint or wait for Beck's potential restoration to

competency.

## LAW REGARDING STAYS AND INCOMPETENT LITIGANTS

A court has broad discretion in managing its docket, which includes decisions regarding issuing stays for all or part of a proceeding. See Clinton v. Jones, 520 U.S. 681, 706 (1997)("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936))). As the Supreme Court of the United States explained:

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

Landis v. N. Am. Co., 299 U.S. at 254-55. Recognizing that district courts must exercise moderation in issuing stays, the Supreme Court has noted that there are no strict rules for the district court to apply, because "[s]uch a formula . . . is too mechanical and narrow." Landis v. N. Am. Co., 299 U.S. at 255.

The party seeking a stay of proceedings generally faces a difficult burden. See Clinton v. Jones, 520 U.S. at 708 ("The proponent of a stay bears the burden of establishing its need."); S2 Automation LLC v. Micron Tech., Inc., No. CIV 11-0884, 2012 WL 3150412, at *2 (D.N.M. July 23, 2012)(Browning, J.)(citing Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc., 713 F.2d 1477, 1484 (10th Cir. 1983)). "In particular, where a movant seeks relief that would delay court proceedings by other litigants he must make a strong showing of necessity because the relief would severely affect the rights of others." Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc., 713 F.2d at 1484. "The underlying principle clearly is that '[t]he right to proceed in court should not be denied except under the most extreme circumstances.'" Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc., 713 F.2d at 1484 (quoting Klein v.

Adams & Peck, 436 F.2d 337, 339 (2d Cir. 1971)).

Where the stay of proceedings is requested by an incompetent, unrepresented person, the Court must balance the above principles with the requirements of rule 17 of the Federal Rules of Civil Procedure, which provides:

> (c) Minor or Incompetent Person.
>
> (1) With a Representative. The following representatives may sue or defend on behalf of a minor or an incompetent person:
>
> (A) a general guardian;
> (B)  a committee;
> (C) a conservator; or
> (D) a like fiduciary.
>
> (2) Without a Representative. A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem -- or issue another appropriate order -- to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c). "'[T]he language of the Rule makes the obligation [to issue an appropriate order in such cases] mandatory . . . .'" Dangim v. FNU LNU, USA Law Enf't, No. CIV 16-0812, 2017 WL 3149359, at *2 (D.N.M. June 2, 2017)(Browning, J.)(quoting Powell v. Symons, 680 F.3d 301, 303 (3d Cir. 2012)). Thus, the Court must "consider seriously the concerns . . . raised" by an incompetent party who maintains he currently cannot proceed pro se. Howard v. City of Albuquerque, 349 F. Supp. 3d 1137, 1148 (D.N.M. 2018)(Browning, J.).

## **ANALYSIS**

The Court liberally construes Beck's Letter-Motion to seek a stay of proceedings during the period of his hospitalization. See Letter-Motion at 1. During that time, mental health professionals either will restore Beck to competency or, alternatively, recommend that such a

restoration is not possible.  See Competency Orders at 1-2.  Beck argues that it would be futile to attempt to file a discernable amendment that complies with rule 8 of the Federal Rules of Civil Procedure and the 42 U.S.C. § 1983 pleading standards while he is hospitalized.  Considering the above law, the Court agrees that Beck cannot be expected to file a cognizable civil complaint in light of his present hospitalization for a competency determination.  There also is no simple workaround that would allow him to amend at this time, such as appointing civil counsel.  The Tenth Circuit is clear that "[c]ourts are not authorized to appoint counsel in 1983 . . .cases." Rachel v. Troutt, 820 F.3d 390, 397 (10th Cir. 2016).  The Court further finds that a stay of proceedings will not prejudice the defendant in this case.  This action is still in the screening phase pursuant to 28 U.S.C. § 1915A; Beck has not served any Defendant, and no Defendant has entered an appearance in this case.

Entering a stay is also consistent with the Court's precedent in Howard v. City of Albuquerque, 349 F. Supp. 3d 1137, 1148 (D.N.M. 2018)(Browning, J.).  In that case, a pro se plaintiff sought a stay of proceedings where there were doubts about his competency.  See 349 F. Supp. 3d at 1148.  The pro se plaintiff sought the stay after filing a civil rights action against police officers and the City of Albuquerque for, among other things, excessive force.  See 349 F. Supp. 3d at 1138.  The Court granted the pro se plaintiff's motion, over the objection of the counseled Defendants, to allow plaintiff to complete his competency proceedings in State court.  See Howard v. City of Albuquerque, 349 F. Supp. 3d at 1148.

For all these reasons, consistent with Howard v. City of Albuquerque, the Court will grant the request in the Letter-Motion and stay proceedings in this case through the conclusion of Beck's "commitment to the United States Attorney General" for competency evaluations.  Competency Orders at 2.  The Court will consider that matter concluded when "a mental health professional at

the facility where [Beck] … is confined" submits to Magistrate Judge Fashing a report answering her questions set out in the Competency Orders.  Competency Orders at 2.  The Court also will strike Beck's Amended Complaint filed on May 30, 2024.  The Letter-Motion concedes that Beck finds it difficult to file a cognizable claim at this time, and the Amended Complaint does not appear to comply with the Screening MOO or rule 8 of the Federal Rules of Civil Procedure.  The Amended Complaint names eighty-two Defendants, including Twitter, Reddit, Meta, and the President of the United States, and purports to assert claims under more than twenty-five statutes.  See Amended Complaint at 2, 7-9.  The Court therefore will wait until Beck has an opportunity to file a pleading while competent before examining his claims' merits.

If the mental health professional restores Beck to competency, the Court will issue a separate ordering fixing a new amendment deadline.  If he or she cannot restore Beck to competency, the Court will consider whether additional relief is necessary in this case.  Beck must file a notice in this civil case, No. CIV 23-0154 JB/LF, within thirty days after the mental health professional submits his or her report to Magistrate Judge Fashing.  The Court reminds Beck that he should not otherwise submit notices, requests, or motions for civil relief while this case is stayed.  Beck is subject to orders striking all pro se submissions in his pending criminal cases, No. MJ 22-1089 DHU and No. MJ 23-0180 DHU.  See Text-Only Order, entered October 31, 2023, in No. MJ 22-1089 DHU; Text-Only Order, entered October 31, 2023, in No. MJ 23-0180 DHU.  While the Court has not imposed restrictions in this civil case, it also may elect to strike any requests/motions for relief that Beck files while the case is stayed.  Beck may seek additional substantive or procedural relief in this case after the stay is lifted.

**IT IS ORDERED** that: (i) the request in Plaintiff Patrick Beck's Notice and Request for Extension, filed April 30, 2024 (Doc. 38), is granted, as set forth above; (ii) this case is stayed

through the conclusion of Beck's commitment to the United States Attorney General for competency evaluations; and (iii) Beck must file a notice in this civil case within thirty days after the mental health professional submits his or her report to Magistrate Judge Fashing.

_____
UNITED STATES DISTRICT JUDGE

*Party*:

Patrick Beck
Ayer, Massachusetts

    *Plaintiff pro se*